## Jacobs *v.* Augustin, Sheriff, et al.

Where a judgment rendered in favor of the defendants, in an action to set aside an adjudication made at a sheriff's sale, and dissolving an injunction restraining the sheriff from putting the purchaser in possession, is affirmed on appeal; and the purchaser afterwards, before taking out a writ of possession, takes a rule on a third person, who is alleged to detain the property unlawfully, to show cause why a writ of possession should not issue, and the rule is made absolute on the failure to answer, the defendant in the rule cannot be relieved by appealing from a judgment refusing him a re-hearing of the rule, which was asked for on the ground of the pendency of an action between himself and the pur-

JACOBS
v.
AUGUSTIN.

chaser for the property. There can be no objection to the issuing of the writ, but if it be attempted to be executed adversely to the right of the appellant, he must resort to his remedy, as in ordinary cases.

APPEAL from the Fifth District Court of New Orleans, *Buchannn*, J. *Roselius*, for the appellant. *Augustin*, contrâ. The judgment of the court was pronounced by

EUSTIS, C. J. This appeal is taken by *Paul Martin*, from an order of the District Court directing a writ of possession to issue, commanding the sheriff to put *J. A. Romer, Jr.* in possession of certain lots, purchased by him at a sheriff's sale. The plaintiff had instituted a suit for the purpose of setting aside the adjudication made to *Romer*, and obtained an injunction restraining the sheriff from putting *Romer* in possession. A judgment was rendered in favor of the defendants, and the injunction was dissolved, with damages. This judgment was affirmed on the appeal. It would seem to follow from this judgment that, the adjudication was to stand, and the purchaser be put in possession, and that the court was bound so to execute the judgment.

But the purchaser, *Romer*, before taking his writ of possession, took a rule upon the appellant, who is alleged unlawfully to detain the property, to show cause why the writ should not issue. *Martin*, the appellant, did not answer to the rule, which was made absolute. He afterward applied for a re-hearing of the rule, on the ground that a suit was pending and at issue between him and *Romer* for the property, and that no writ of possession could issue under the judgment.

We see no objection in the record of this suit, to the issuing of the writ under the judgment on which it has issued. If it is executed, or attempted to be, adversely to the rights of *Paul Martin*, the appellant, he has his remedy as in ordinary cases; but the order directing the writ cannot be reversed on this appeal.            *Judgment affirmed.*